Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
agriffith@ellislawgrp.com

Attorneys for Defendant,
STATES RECOVERY SYSTEMS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO SALINAS,<br><br>    Plaintiff,<br><br>v.<br><br>STATES RECOVERY SYSTEM, INC.,<br><br>    Defendant. | Case No.:<br><br>Contra Costa County Case No.: L16-01452<br><br>**DEFENDANT STATES RECOVERY SYSTEMS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant STATES RECOVERY SYSTEMS, INC., hereby removes to this Court the state court action described below:

1. On, June 27, 2016, an action was commenced in Superior Court, State of California, County of Contra Costa, entitled ROSARIO SALINAS, Plaintiff, v. STATES RECOVERY, INC., Defendant, as case no. L16-01452.

2. On or about July 6, 2016, STATES RECOVERY SYSTEM, INC., was served with the Summons and Complaint, attached hereto as **Exhibit A**.

3. This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(a)** in that it arises under the federal

- 1 -

Fair Debt Collection Practices Act (**15 U.S.C. § 1692,** *et seq.*).

Dated: August 5, 2016				ELLIS LAW GROUP LLP


						By */s/Amanda N. Griffith*
						Amanda N. Griffith, Attorney for Defendant,
						STATES RECOVERY SYSTEMS, INC.

**DEFENDANT STATES RECOVERY SYSTEMS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**

# Exhibit A

**COPY**

**BY FAX**

SUM-100

## SUMMONS
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATES RECOVERY SYSTEM INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROSARIO SALINAS


FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

'16 JUN 27 P 3:05

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Contra Costa
725 Court Street
Martinez, CA 94553

CASE NUMBER: **16-01452**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: **JUN 2 7 2016**         Clerk, by **C. AGUILAR-JACALA**, Deputy
*(Fecha)*                              *(Secretario)*                                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **States Recovery System Inc.**

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: 7-6-16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741  FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Rosario Salinas | FOR COURT USE ONLY<br><br>FILED<br><br>'16 JUN 27 P 3:04 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
ROSARIO SALINAS v. STATES RECOVERY SYSTEM INC.

| CIVIL CASE COVER SHEET<br>☐ Unlimited  ☑ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>C16-01452<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Construction defect (10) |
| | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | |
| Non-PI/PD/WD (Other) Tort | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| Employment | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 19, 2016
Todd M. Friedman
_____    ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

COPY

FILED

2016 JUN 27 P 3:05

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
CONTRA COSTA CA
BY: _____

PER LOCAL RULES THIS
CASE IS ASSIGNED TO
DEPT _____

Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

BY FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF CONTRA COSTA
LIMITED JURISDICTION

ROSARIO SALINAS,                )   CASE NO.: **L16-01452**
                                )
         Plaintiff,             )   COMPLAINT
                                )
-vs-                            )   1. Violation of Rosenthal Fair Debt
                                )      Collection Practices Act
                                )   2. Violation of the Federal Fair Debt
                                )      Collection Practices Act
STATES RECOVERY SYSTEM INC.,    )   3. Violation of California Consumer
                                )      Credit Reporting Agencies Act
         Defendant.             )
                                )   (Amount Not to Exceed $10,000)

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and for Defendant's violations of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA"), which regulate the collection, dissemination, and use of consumer information, including consumer credit information

///

///

1

## II. PARTIES

2. Plaintiff, ROSARIO SALINAS ("Plaintiff"), is a natural person residing in Contra Costa County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h). Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a.

3. At all relevant times herein, Defendant, STATES RECOVERY SYSTEM INC., ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the CCRA.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant alleges that Plaintiff still owes a past due balance. However, Plaintiff is informed, upon valid information and belief, that Plaintiff does not owe the alleged past due balance.

5. Plaintiff requested an investigation of the legitimacy of the reporting, but was unsatisfied with the result.

6. On September 15, 2015, Plaintiff's counsel sent a notice of representation to Defendant. Defendant has responded to said notice.

7.. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

    b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

c) Violation of the Fair Credit Reporting Act (FCRA).

8. Further, Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

9. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

10. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased.

11. Aside from the emotion stress, Plaintiff would and will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

12. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

13. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

14. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

    b. Decreased credit score which may result in inability to obtain credit on future attempts.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

17. Defendant violated sections the CCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

3

a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

18. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

19. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

20. As a result of the above violations of the RFDCPA, FDCPA, and CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

4

## COUNT II: VIOLATION OF FEDERAL
## FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

24. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT
## REPORTING AGENCIES ACT

25. Plaintiff incorporates by reference all of the proceeding paragraphs.

26. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

27. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

28. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

5

29.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

30.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages;
(b) Statutory damages;
(c) Costs and reasonable attorney's fees;
(d) For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 19th day of June, 2016

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff